Gerard HYNES, et al.,
Plaintiffs-Appellants,

v.

METROPOLITAN GOVERNMENT OF NASHVILLE AND DAVIDSON COUNTY, Defendant-Appellee.

No. 79–1632.

United States Court of Appeals, Sixth Circuit.

Argued Dec. 7, 1981.

Decided Jan. 4, 1982.

Tom H. Williams, Jr., Happell & Williams, Nashville, Tenn., Barry A. Fisher, David Grosz, Robert C. Moest, Los Angeles, Cal., for plaintiffs-appellants.

Robert G. Wheeler, Jr., Nashville, Tenn., for defendant-appellee.

---

1. As the majority points out, the record does not reflect whether the jury actually heard the trial court's comments.

**550**

Before EDWARDS, Chief Judge, BROWN, Circuit Judge, and CECIL, Senior Circuit Judge.

PER CURIAM.

This action involves a § 1983 civil rights suit for declaratory and injunctive relief brought by members of the International Society for Krishna Consciousness (ISKCON) against the Metropolitan Government of Nashville and Davidson County (Fair) alleging that the Tennessee State Fair rule prohibiting literature distribution and solicitation of funds on the fairgrounds except in booths impermissibly restricts ISKCON's freedom of speech and religion. The rule at issue reads as follows:

> No roving vendor or solicitor, acting from either a profit or nonprofit organization or on his own behalf, shall be permitted on the Fairgrounds. All solicitations for either contributions or sale must be made from within the confines of a booth or display unless otherwise exempted by the regulations adopted by the Metropolitan Board of Fair Commissioners.

The district court held against ISKCON on the merits and ordered their cause dismissed. *Hynes v. Metropolitan Government of Nashville and Davidson County*, 478 F.Supp. 9 (M.D.Tenn.1979). After oral argument had been scheduled before this court both parties requested to postpone argument until the Supreme Court decided *Heffron v. ISKCON*, 452 U.S. 640, 101 S.Ct. 2559, 69 L.Ed.2d 298 (1981). *Heffron*, handed down June 22, 1981, upheld a Minnesota State Fair rule confining distribution, sales, and solicitation activities to a fixed location as a permissible restriction on the place and manner of communication of views. Because we believe that *Heffron* is dispositive of this case, we hold that the Tennessee State Fair rule, as interpreted herein, does not unconstitutionally restrict the appellant's exercise of the first amendment rights of freedom of speech and religion.

The Minnesota State Fair rule at issue in *Heffron* is as follows:

> Sale or distribution of any merchandise, including printed or written material except under license issued [by] the Society and/or from a duly-licensed location shall be a misdemeanor.

ISKCON sued Minnesota state officials for declaratory and injunctive relief, asserting that the rule suppresses their practice of Sankirtan, a religious ritual imposed on Krishna devotees which includes the dissemination of religious literature and the solicitation of funds for support of ISKCON programs.

The Supreme Court, however, upheld the rule as a reasonable time, place, and manner restriction, focusing on the following points:

1. The restriction is not based on either the content or subject matter of the speech. 452 U.S. at 648, 101 S.Ct. at 2564, 69 L.Ed.2d at 307.

2. The rule is not open to arbitrary application because the method of allocating booth space is a straightforward first-come, first-served system. *Id.*

3. The rule serves a significant governmental interest. *Id.* The justification relied on by the Court was the "need to maintain the orderly movement of the crowd given the large number of exhibitors and persons attending the Fair." *Id.* 452 U.S. at 649, 101 S.Ct. at 2565, 69 L.Ed.2d at 308. The Court observed that this justification should not be measured, as was done by the Minnesota Supreme Court, "by the disorder that would result from granting an exemption [to the Rule] solely to ISKCON," *id.* 452 U.S. at 652, 101 S.Ct. at 2566, 69 L.Ed.2d at 309, but must instead be viewed in light of *all* the organizations at the Fair.

4. The Fair could not avoid the threat to its interest in "crowd control" by less restrictive means. *Id.* 452 U.S. at 653, 101 S.Ct. at 2567, 69 L.Ed.2d at 310.

5. Alternative forums for the expression of protected speech exist despite the effect of the Rule, since the Rule does not prohibit ISKCON (a) from practicing Sankirtan anywhere outside the fairgrounds, and (b) from

mingling with the crowd inside the fairgrounds and orally propagating their views. *Id.,* 452 U.S. at 655, 101 S.Ct. 2567, 69 L.Ed.2d at 311.

These points equally apply in the instant case. With regard to the last point, it should be noted that the state fair officials in *Heffron* agreed that the Minnesota rule "does not prevent organizational representatives from walking about the fairgrounds and communicating the organization's views with patrons in face-to-face discussions . . . ." *Id.* 452 U.S. at 643, 101 S.Ct. at 2561, 69 L.Ed.2d at 304. In this connection, appellee concedes that its rule does not proscribe (and under *Heffron* could not constitutionally proscribe) simply moving and talking (but not sales, solicitation or distribution of materials) outside the assigned booth.

On the basis of *Heffron v. ISKCON*, it is therefore ORDERED that the judgment of the district court be Affirmed.